UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00919-JDE | Date | September 22, 2023 |
|---|---|---|---|
| Title | Aaron Coronado, et al. v. Ford Motor Company | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order Denying Motion to Remand (Dkt. 17)

## I.
## INTRODUCTION

On May 24, 2023, Ford Motor Company ("Defendant") filed a Notice of Removal to remove a civil action ("Complaint") filed in Orange County Superior Court by Plaintiffs Aaron Coronado and Aaron Christopher Coronado ("Plaintiffs") based on diversity jurisdiction. See Dkt. 1 ("NOR"). In their Complaint, Plaintiffs assert five claims alleging violations of the Song-Beverly Consumer Warranty Act ("SBA"), arising out of Plaintiffs' April 14, 2022 purchase of a 2018 Ford F-150 (the "Vehicle") for $71,441.28. See generally, Complaint. Plaintiffs allege that the Vehicle manifested defects, specifically, excessive oil consumption and an underpowered engine. Id., ¶ 16. Plaintiffs seek "actual damages in the amount according to proof at trial," "restitution," "a civil penalty in the amount of two times Plaintiff[s'] actual damages pursuant to Civil Code section 1794, subdivision (c) or (e)," "consequential and incidental damages," "costs of suit and Plaintiff[s'] reasonable attorneys' fees," and "prejudgment interest at the legal rate." Complaint, Prayer.

On July 27, 2023, Plaintiffs filed a Motion to Remand on the ground that the Court lacks subject matter jurisdiction because Defendant failed to meet its burden to support removal that the amount in controversy exceeds $75,000. Dkt. 17 ("Motion"). On August 9, 2023, the Court issued a minute order setting a briefing schedule requiring any opposition to be filed by August 17, 2023, and any optional reply to be filed by August 31, 2023. Dkt. 19. Defendant filed its opposition to the Motion on August 24, 2023. Dkt. 21 ("Opposition" or "Opp."). Plaintiffs did not file a reply.

Having found that the Motion may appropriately be decided without a hearing (Dkt. 22), for the reasons set forth below, the Court DENIES the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00919-JDE | Date | September 22, 2023 |
|---|---|---|---|
| Title | Aaron Coronado, et al. v. Ford Motor Company | | |

## II.
## RELEVANT LAW

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a).

"For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016); see also 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. Canela v. Costco Wholesale Corp., 971 F.3d 845, 849 (9th Cir. 2020); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy is an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010); Chavez, 888 F.3d at 417. Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Campbell v. Vitran Express, Inc., 471 F. App'x 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014); Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021); Arias v. Residence Inn by Marriott, 936 F.3d 920, 922 (9th Cir. 2019). Where a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee, 574 U.S. at 88. This proof can include affidavits, declarations, and other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00919-JDE | Date | September 22, 2023 |
|---|---|---|---|
| Title | Aaron Coronado, et al. v. Ford Motor Company | | |

"[T]hat the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." Acad. of Country Music, 991 F.3d at 1068. A party may supplement its showing in opposition to a motion to remand. Geerlof v. C & S Wholesale Grocers, Inc., 2014 WL 1415974, at *4 (E.D. Cal. Apr. 14, 2014). The defendant's burden is "not daunting," Behrazfar v. Unisys Corp., 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009), and may rely on "reasonable assumptions." Arias, 936 F.3d at 922. When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. Geerlof v. C & S Wholesale Grocers, Inc., 2014 WL 1415974, at *7 (E.D. Cal. Apr. 14, 2014).

### III.
### DISCUSSION

As an initial matter, the Court takes up the fact that, as Defendant concedes, Defendant did not file its Opposition within the time permitted by the Court. See Opp. at 1 n.1. Defendant also correctly notes that the Court could disregard the late opposition. Id.; see also C.D. Cal. Local Civil Rule ("L.R.") 7-12. In fact, the Court could also deem the failure to file the opposition in a timely fashion as "consent to the granting" of the Motion. Id. However, based on Defendant's explanation for the error, and the fact that even with the late filing of the Opposition, Plaintiffs still had seven days to draft a reply within the time authorized by the Court's August 9 order, the Court exercises its discretion to consider the Opposition and decide the Motion on the merits.

In the NOR, Defendant contends the Court has diversity jurisdiction over this action because the amount in controversy exceeds $75,000, Plaintiffs are citizens of California, Defendant is a Delaware corporation with its principal place of business in Michigan. NOR ¶¶ 12, 13. Plaintiffs move to remand this action to Orange County Superior Court, arguing that the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Defendant failed to meet its burden to prove the required amount in controversy. Plaintiffs do not dispute that complete diversity of citizenship exists.

Defendant asserts that the amount in controversy is $214,323.84, calculated based on the Vehicle purchase price of $71,441.28, plus a double civil penalty. NOR ¶¶ 22-26. Defendant contends that no mileage offset is warranted for the purposes of calculating the amount in controversy. Id. ¶ 27. Defendant also asserts that plaintiff's attorneys in SBA cases "regularly request more than $50,000 in attorneys' fees" in cases proceeding to or near to trial, and a "modest $30,000.00 in attorney's fees" added here further supports a

Case 8:23-cv-00919-JDE   Document 23   Filed 09/22/23   Page 4 of 7   Page ID #:142

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00919-JDE | Date | September 22, 2023 |
|---|---|---|---|
| Title | Aaron Coronado, et al. v. Ford Motor Company | | |

finding that the $75,000 threshold is met. Id. ¶¶ 28-29 (emphasis omitted). Thus, according to Defendant, the amount in controversy "will exceed the $75,000 threshold." Id. ¶ 31.

Plaintiffs challenge Defendant's calculation of the amount in controversy, contending that: (1) even if the full value of purchase price of the Vehicle of $71,441.28 were used as a measure of restitution or damages, it would be less than $75,000; (2) for purposes of assessing the amount in controversy, the purchase price must be reduced by an offset for the reduction in value of the Vehicle attributable to use by the buyers, an amount that, Plaintiffs argue, could "completely extinguish the compensatory damages"; (3) Defendant has not met its burden to show that civil penalties should be a part of the assessment of the amount in controversy here; (4) Defendant improperly speculates about the amount of attorney's fees that could be awarded here, with a declaration by counsel attesting that the fees incurred prior to removal were less than $4,500; and (5) even if Defendant has sufficiently shown that the amount in controversy exceeds $75,000, the Court should nonetheless remand the case due to scarce federal resources. Motion at 2-19.

Under the SBA, plaintiffs may recover "damages and other legal and equitable relief." Cal. Civ. Code § 1794(a). The measure of damages includes the sum of (1) restitution, (2) "a civil penalty which shall not exceed two times the amount of actual damages," and (3) "the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended." Id.

A.  **Actual Damages**

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," including collateral charges such as tax and registration fees and "any charges for transportation and manufacturer-installed options," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C).

Plaintiffs do not allege the specific amount of damages sought, but seek "actual damages," "restitution," a civil penalty . . . of two times . . . actual damages," "consequential and incidental damages," "costs of the suit and . . . reasonable attorneys' fees," and "prejudgment interest." Complaint, Prayer. The parties agree that Plaintiffs paid $71,441.28 on April 14, 2022, to purchase the Vehicle.

As noted, Plaintiffs argue that the $71,441.28 figure should be reduced based on Plaintiffs' use of the vehicle. Under the SBA, a reduction in restitution based on Plaintiffs' use of a vehicle is calculated as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00919-JDE | Date | September 22, 2023 |
|---|---|---|---|
| Title | Aaron Coronado, et al. v. Ford Motor Company | | |

> The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity.

Hernandez v. FCA US, LLC, 2020 WL 3497399, at *3 (C.D. Cal. June 29, 2020); Mullin, 2020 WL 2509081, at *3 (internal citations omitted). Plaintiffs argue that Defendant failed to account for any set-off in calculating the amount in controversy in the NOR, and argues, without evidentiary support, that the set-off here could "extinguish the compensatory damages" if "the problem did not arise until after the Vehicle had already traveled at least 120,000 miles." Motion at 7-8.

As Defendant notes (Opp. at 3-4), several California district courts have declined to require a defendant to account for possible reduction in restitution by use of the vehicle in calculating the amount in controversy for removal purposes, concluding instead that "the amount in controversy is established by what the plaintiff demands, not by any reductions that a defendant might achieve through its defenses." In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig., 2018 WL 5905942, at *4 (C.D. Cal. Sept. 10, 2018) (citing Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1108 (9th Cir. 2010) ("if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction") and Garcia v. ACE Cash Express, Inc., 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (finding "'potential offsets' are inapplicable to the amount-in-controversy [calculation]")); see also Tucker v. FCA US LLC, 2021 WL 3733243, at *3 (C.D. Cal. Aug. 23, 2021) ("mileage-offsets and vehicle-value reductions are not appropriate for consideration for amount-in-controversy purposes"); Wickstrum v. FCA USA LLC, 2021 WL 532257, at *2 (S.D. Cal. Feb. 12, 2021) (same). The Court finds those cases and the analyses therein persuasive.

But, even were the Court to consider the existence of a potential offset for such purpose, Plaintiffs' argument that they may have driven the vehicle more than 120,000 miles in less than a year, which would result in a full offset, is without any support in fact, reason, or common sense. Rather, Defendant's estimate of 15,000 miles driven in less than one year before the Vehicle was brought for its first repair attempt as the basis for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00919-JDE | Date | September 22, 2023 |
|---|---|---|---|
| Title | Aaron Coronado, et al. v. Ford Motor Company | | |

potential offset is reasonable and, using that estimate, the potential offset would be $8,930, resulting in damages after offset, before consideration of a potential civil penalty or attorney's fees, of $62,541.28.

**B.    Civil Penalties**

Pursuant to the SBA, "[i]f the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c). Civil penalties under SBA are properly included in the amount in controversy. See Snover v. FCA US LLC, 2021 WL 6112572, at *2 (C.D. Cal. Dec. 27, 2021); Carillo, 2021 WL 2711138, at *6; Rahman v. FCA US LLC, 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021).

Plaintiffs argue that civil penalties should be excluded from the amount in controversy calculation because such an award is speculative. Motion at 8-12. However, as noted, court estimate the amount in controversy by assuming plaintiff's allegations are true. Campbell, 471 F. App'x at 648; Carillo, 2021 WL 2711138, at *6. Here, the Complaint supports the inclusion of the maximum amount of civil penalties in the amount-in-controversy estimate. See Rahman, 2021 WL 2285102, at *2; Park v. Jaguar Land Rover N. Am., LLC, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020). Plaintiffs allege that Defendant's SBA violation was "willful" and they are entitled to a civil penalty of two times the amount of actual damages. Complaint ¶¶ 34, 37-38. In the prayer for relief, Plaintiffs request a "civil penalty in the amount of two times [Plaintiffs'] actual damages." Id. at 9. As another court in this district explained: "It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants, including Defendant here, will 'den[y] that it willfully failed to comply with the Song-Beverly.'" Brooks v. Ford Motor Co., 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020). The amount in controversy estimate shall include a two-times civil penalty as requested in the Complaint. See, e.g., Delgadillo v. FCA US LLC, 2021 WL 5564623, at *4 (C.D. Cal. Nov. 29, 2021); Smith v. FCA US, LLC, 2021 WL 5356637, at *3 (C.D. Cal. Nov. 16, 2021). Even giving Plaintiffs the benefit of the offset, described above, resulting in a reduced damages calculation of $62,541.28, with a two-times civil penalty, the amount in controversy is $187,533.84,

**C.    Attorney's Fees**

Plaintiffs concede that attorney's fees may be considered in the amount-in-controversy calculation, but argues it should be limited only to fees incurred prior to the removal, a figure Plaintiffs' counsel fixes at $4,358.50. Motion at 12-17, 21. The Court does not reach the issue of whether future fees should be included here because, simply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00919-JDE | Date | September 22, 2023 |
|---|---|---|---|
| Title | Aaron Coronado, et al. v. Ford Motor Company | | |

considering the restitution amount, even with an offset, and the two-times statutory civil penalty, the amount in controversy is more than double the $75,000.00 threshold without considering attorney's fees. As a result, the Court will only consider the $4,358.50 fee figure provided by Plaintiffs' counsel.

## IV.
## CONCLUSION

The Court calculates that the amount of actual damages for restitution purposes, taking into account a reasonable estimate of a potential offset, is $62,541.28. Under the SBA, the maximum available civil penalty is twice that amount, or $125,022.56. The sum of the restitution and civil penalty amounts is $187,533.84. Adding only Plaintiffs' counsel stated amount of attorney's fees incurred prior to removal to that figure, the total amount in controversy is $191,892.34. As the amount in controversy exceeds $75,000.00 and as there is no dispute that diversity is present, the Court finds Defendant has carried its burden and Plaintiffs' Motion to Remand (Dkt. 17) is DENIED.

IT IS SO ORDERED.

Initials of Clerk _____